# Exhibit 2

## LOUISIANA CIVIL CASE REPORTING
### Civil Case Cover Sheet - LA. R.S. 13:4688 and
### Part G, §13, Louisiana Supreme Court General Administrative Rules

This civil case cover sheet shall be completed by counsel for the petitioner, counsel's authorized representative, or by the self-represented litigant (if not represented by counsel) and submitted with the original petition filed with the court. The information should be the best available at the time of filing. This information does not constitute a discovery request, response or supplementation, and is not admissible at trial.

**Suit Caption:**

THE PARISH OF PLAQUEMINES       **vs.**   ROZEL OPERATING COMPANY

**Court:** 25TH JDC                **Docket Number:** _____

**Parish of Filing:** PLAQUEMINES      **Filing Date:** _____

**Name of Lead Petitioner's Attorney:** JOHN H. CARMOUCHE

**Name of Self-Represented Litigant:** _____

**Number of named petitioners:** 2       **Number of named defendants:** 9

**Type of Lawsuit: Please check the categories which most appropriately apply to this suit (no more than 3 categories should be checked):**

- ☐ Auto: Personal Injury
- ☐ Auto: Wrongful Death
- ☐ Asbestos: Property Damage
- ☐ Product Liability
- ☐ Intentional Bodily Injury
- ☐ Intentional Wrongful Death
- ☐ Business Tort
- ☐ Defamation
- ☐ Environmental Tort
- ☐ Intellectual Property
- ☐ Legal Malpractice
- ☐ Other Professional Malpractice
- ☐ Maritime
- ☐ Wrongful Death
- ☐ General Negligence

- ☐ Auto: Property Damage
- ☐ Auto: Uninsured Motorist
- ☐ Asbestos: Personal Injury/Death
- ☐ Premise Liability
- ☐ Intentional Property Damage
- ☐ Unfair Business Practice
- ☐ Fraud
- ☐ Professional Negligence
- ☐ Medical Malpractice
- ☐ Toxic Tort
- ☐ Other Tort (describe below)
- ☐ Redhibition
- ☐ Class action (nature of case)
- ☑ Enforcement of State Coastal Statutes and State Regulations and Local Coastal Regulations And/or Ordinances.

**Please briefly describe the nature of the litigation in one sentence of additional detail:**

ENFORCEMENT OF STATE COASTAL STATUTES AND STATE REGULATIONS AND LOCAL COASTAL REGULATIONS AND/OR ORDINANCES.

Following the completion of this form by counsel, counsel's representative, or by the self-represented litigant, this document will be submitted to the Office of the Judicial Administrator, Supreme Court of Louisiana, by the Clerk of Court.

Name, address and contact information of person completing form:

**Name** JOHN H. CARMOUCHE     **Signature** _____

**Address** 17405 PERKINS ROAD, BATON ROUGE, LA 70810

**Phone number:** 225-400-9991     **E-mail address:** jcarmouche @tcmlawfirm.net

Return Date
Stamped

25TH JUDICIAL DISTRICT COURT FOR THE PARISH OF PLAQUEMINES

STATE OF LOUISIANA

DOCKET NO. *60-996*                          DIVISION "*A*"

THE PARISH OF PLAQUEMINES

VERSUS

ROZEL OPERATING COMPANY, CONOCOPHILLIPS COMPANY,
THE LOUISIANA LAND AND EXPLORATION COMPANY LLC,
CHEVRON U.S.A. HOLDINGS INC., CHEVRON U.S.A. INC., THE TEXAS COMPANY,
APACHE OIL CORPORATION, ATLANTIC RICHFIELD COMPANY, AND
LLOG EXPLORATION & PRODUCTION COMPANY, L.L.C.

FILED: _____NOV 8 – 2013_____        /s/ BETTINA K. PHILLIPS
                                        DEPUTY CLERK

---

**PETITION FOR DAMAGES
TO THE
PLAQUEMINES PARISH COASTAL ZONE**

NOW INTO COURT come plaintiffs, through undersigned counsel, to allege the following:

**PARTIES PLAINTIFF AND DEFENDANT**

**1.**

The Plaintiffs are: (1) the PARISH OF PLAQUEMINES, and (2) the State of Louisiana *ex rel.* PARISH OF PLAQUEMINES. The Parish of Plaquemines is a local government of this State that has been authorized as of January 5, 2001 to operate an approved Local Coastal Zone Management Program pursuant to La. R.S. 214.28. As shown more fully below, the Parish of Plaquemines is authorized by state statute to bring appropriate actions on its own behalf and in the name of the State of Louisiana for enforcement of the State and Local Coastal Resources Management Act of 1978, as amended (La. R.S. 214.21, *et seq.*, hereinafter, the "**CZM Act of 1978**"), and the applicable regulations, rules, orders and ordinances promulgated or adopted thereunder by the State or Plaquemines, as amended (hereinafter, collectively and together with the CZM Act of 1978, the "**CZM Laws**").

Petition for Damages - Bayou Gentilly.docx

## 2.

Made defendants herein are the following entities (hereinafter, collectively, "**Defendants**"):

**ROZEL OPERATING COMPANY** is a domestic corporation, incorporated under the laws of Louisiana, and domiciled in Lafayette, Louisiana. Rozel Operating Company's registered agent, Raymond A. Beyt, is located at 700 East University Ave., Lafayette, LA 70503;

**CONOCOPHILLIPS COMPANY** is a foreign corporation whose registered agent, United States Corporation Company, is located at 320 Somerulos St., Baton Rouge, LA 70802. ConocoPhillips Company is named as successor in interest to **Conoco, Inc.**;

**THE LOUISIANA LAND AND EXPLORATION COMPANY LLC** is a foreign company whose registered agent, Corporation Service Company, is located at 320 Somerulos St., Baton Rouge, LA 70802. The Louisiana Land and Exploration Company LLC is named as successor in interest to **The Louisiana Land and Exploration Company**;

**CHEVRON U.S.A. HOLDINGS INC.** is a foreign corporation whose registered agent, Angie Wang c/o ChevronTexaco, is located at P.O. Box 6028, San Ramon, CA 94583. Chevron U.S.A. Holdings Inc. is named as successor in interest to **Texaco E & P Inc.** and **Texaco Inc.**;

**CHEVRON U.S.A. INC.** is a foreign corporation whose registered agent, The Prentice-Hall Corporation System, Inc., is located at 320 Somerulos St., Baton Rouge, LA 70802. Chevron U.S.A. Inc. is named in its own capacity and as successor in interest to **The California Company**;

**THE TEXAS COMPANY** is a foreign corporation whose registered agent, The Prentice-Hall Corporation System, Inc., is located at 320 Somerulos St., Baton Rouge, LA 70802;

**APACHE OIL CORPORATION** is a foreign corporation whose registered agent, C T Corporation System, is located at 350 N. St. Paul St., Ste. 2900, Dallas, TX 75201. Apache Oil Corporation is named as successor in interest to **Apache Corporation**;

**ATLANTIC RICHFIELD COMPANY** is a foreign corporation whose registered agent, C T Corporation System, is located at 5615 Corporate Blvd., Ste. 400B, Baton Rouge, LA 70808. Atlantic Richfield Company is named as successor in interest to **Arco Oil and Gas Company – Division of Atlantic Richfield Company**; and

**LLOG EXPLORATION & PRODUCTION COMPANY, L.L.C.** is a domestic company, organized under the laws of Louisiana, whose member, Gerald Boelte, is domiciled in Louisiana. LLOG Exploration & Production Company, L.L.C.'s registered agent, Kemberlia K. Ducote, is located at 1001 Ochsner Blvd., Suite 200, Covington, LA 70433. LLOG Exploration & Production Company, L.L.C. is named as successor in interest to **LLOG Exploration Company**.

## AREAL EXTENT OF COMPLAINED-OF OPERATIONS

**3.**

In general, Plaintiffs allege below that certain of Defendants' oil and gas exploration, production and transportation operations associated with the development of the Bayou Gentilly, Delacroix Island, and Lake Petit Oil & Gas Fields in Plaquemines Parish were conducted in violation of the CZM Laws and that these activities caused substantial damage to land and waterbodies located in the "**Coastal Zone**" (hereinafter so called), as defined by the CZM Act of 1978, within Plaquemines Parish. A map of the entire Louisiana Coastal Zone is attached hereto as Exhibit A.

In the detailed allegations that follow, the term "**Operational Area**" (hereinafter so called) is used to describe the geographic extent of the area within which the complained-of operations and activities occurred. On information and belief, the areal extent of the Operational Area is identified on the maps contained in Exhibit B attached hereto.

## JURISDICTION, VENUE, AND STATUTORY AND REGULATORY FRAMEWORK

**4.**

The CZM Act of 1978 states that it is the public policy of the state "[t]o protect, develop, and where feasible, restore or enhance the resources of the state's coastal zone." La. R.S. 49:214.22(1).

**5.**

Louisiana's Coastal Zone is specifically defined in La. R.S. 49:214.24(5). *See* Exhibit A. The Coastal Zone includes "the coastal waters and adjacent shorelands within the boundaries of the coastal zone . . . ." The term "coastal waters" includes "bays, lakes, inlets, estuaries, rivers, bayous, and other bodies of water within the boundaries of the coastal zone which have measurable seawater content (under normal weather conditions over a period of years)." La. R.S. 49:214.23(4).

**6.**

The Operational Area is located in Plaquemines Parish and within the Coastal Zone, and therefore certain activities within the Operational Area are governed by the CZM Laws.

**7.**

The CZM Laws regulate certain "*uses*" within the Coastal Zone.  La. R.S. 49:214.30 states that "[n]o person shall commence a use of state or local concern without first applying for and receiving a coastal use permit."  A map of the coastal use permits known to have been issued for work within the Operational Area is attached hereto as Exhibit C.  A list of those coastal use permits is attached hereto as Exhibit D.  The term "use" is defined at La. R.S. 49:214.23(13) as "any use or activity within the coastal zone which has a direct and significant impact on coastal waters."  "Uses of state concern" are defined as:

> "Those uses which directly and significantly affect coastal waters and which are in need of coastal management and which have impacts of greater than local significance or which significantly affect interests of regional, state, or national concern.  Use of state concern shall include, but not be limited to:
>
> (a)  Any dredge or fill activity which intersects with more than one water body.
>
> (b)  Projects involving use of state owned lands or water bottoms.
>
> * * *
>
> (f)  All mineral activities, including exploration for, and production of oil, gas, and other minerals, all dredge and fill uses associated therewith, and all other associated uses.
>
> (g)  All pipelines for the gathering, transportation or transmission of oil, gas and other minerals.
>
> (h)  Energy facility siting and development."

(La. R.S. 49:214.25(A)(1)).

**8.**

"Uses of local concern" are defined as:

> "Those uses which directly and significantly affect coastal waters and are in need of coastal management but are not uses of state concern and which should be regulated primarily at the local level if the local government has an approved program.  Uses of local concern shall include, but not be limited to:

(a)     Privately funded projects which are not uses of state concern.

                                     * * *

(c)     Maintenance of uses of local concern.

                                     * * *

(e)     Dredge or fill projects not intersecting more than one water body.

                                     * * *

(i)     Maintenance dredging.

                                     * * *

(k)     Uses on cheniers, salt domes, or similar land forms."

(La. R.S. 49:214.25(A)(2)).


### 9.

Enforcement of the CZM Laws is within the authority, *inter alia*, of an appropriate district attorney or a local government with an approved program.  La. R.S. 49:214.36D.  The Parish of Plaquemines, having obtained approval of its Coastal Zone Management Program from the Secretary of the Louisiana Department of Natural Resources (hereinafter, the "**LDNR**") on January 5, 2001 is a "local government with an approved program" within the meaning of the CZM Laws.  *See* La. R.S. 49:214.23(8) and La. R.S. 49:214.28.


### 10.

Paragraph D of La. R.S. 49:214.36 states that "[t]he secretary [of the LDNR], the attorney general, an appropriate district attorney, or a local government with an approved program may bring such injunctive, declaratory, or other actions as are necessary to ensure that no uses are made of the coastal zone for which a coastal use permit has not been issued when required or which are not in accordance with the terms and conditions of a coastal use permit." Accordingly, the Parish of Plaquemines is authorized under the provisions of La. R.S. 49:214.36 to bring appropriate actions in its own behalf and in the name of the State of Louisiana for enforcement of the CZM Laws. Plaintiffs are empowered to bring declaratory, civil damages, or other actions as are necessary to ensure that no uses of state or local concern "are made of the coastal zone for which a coastal use permit has not been issued when required or which are not in

accordance with the terms and conditions of a coastal use permit." La. R.S. 49:214.36(D); La. R.S. 16:2D.

**11.**

Paragraph E of La. R.S. 49:214.36 states that "[a] court may impose civil liability and assess damages; order, where feasible and practical, the payment of the restoration costs; require, where feasible and practical, actual restoration of areas disturbed; or otherwise impose reasonable and proper sanctions for uses conducted within the coastal zone without a coastal use permit where a coastal use permit is required or which are not in accordance with the terms and conditions of a coastal use permit. The court in its discretion may award costs and reasonable attorney's fees to the prevailing party."

**12.**

Paragraph G of La. R.S. 49:214.36 states that "[a]ny action pursuant to this Section… must be brought in any parish in which the use or activity is situated."

**13.**

Venue for this action in this district is proper under La. R.S. 49:214.36(G). Plaintiffs are the proper parties to bring the causes of action set forth herein pursuant to La. R.S. 49:214.36(D).

**14.**

Defendants have engaged in uses of state and local concern in Plaquemines Parish within the Operational Area in violation of La. R.S. 49:214.21, *et seq.*

**15.**

The Louisiana CZM Laws require the secretary of the LDNR to develop a coastal management program and guidelines to further the policies and goals of La. R.S. 49:214.21, *et seq.* The adopted guidelines shall be followed in the development of the state program and local programs and shall serve as criteria for the granting, conditioning, denying, or modifying of coastal use permits. One of the goals of the guidelines is the "careful consideration of the

impacts of uses on water flow, circulation, quantity, and quality and require that the discharge or release of any pollutant or toxic material into the water or air of the coastal zone be within all applicable limits established by law, or by federal, state, or local regulatory authority." La. R.S. 49:214.27(3).

### 16.

The state coastal management regulations contemplated by La. R.S. 49:214.21, *et seq.,* are codified at LAC 43:I.700, *et seq.* These state regulations provide that coastal use permits required by La. R.S. 214.30 are *in addition to* "any other permit or approval required or established pursuant to any other constitutional provision or statute." LAC 43:I.700. These state regulations further provide that "[m]ineral and production sites shall be cleared, revegetated, detoxified, and otherwise restored as near as practicable to their original condition upon termination of operations to the maximum extent practicable." LAC 43:I.719.M. As discussed below, Defendants have failed to clear, revegetate, detoxify, and restore the mineral and production sites and other areas affected by their operations and activities within the Operational Area to their original condition, as required by LAC 43:I.719.M. Defendants are liable to Plaintiffs under the CZM Laws for all damages associated with their failure to adhere to LAC 43:I.719.M.

### 17.

The coastal zone regulations further require that "[d]rilling and production sites shall be prepared, constructed, and operated using the best practical techniques to prevent the release of pollutants or toxic substances into the environment." LAC 43:I.719.F. These regulations also require that:

- "[t]he location and operation of waste storage, treatment, and disposal facilities shall be avoided in wetlands to the maximum extent practicable, and best practical techniques shall be used to minimize adverse impacts which may result from such use." LAC 43:I.715.A

- "[w]aste facilities located in wetlands shall be designed and built to withstand all expectable adverse conditions without releasing pollutants." LAC 43:I.715.C.

Petition for Damages - Bayou Gentilly.docx

- "[w]aste facilities shall be designed and constructed using best practical techniques to prevent leaching, control leachate production, and prevent the movement of leachate away from the facility." LAC 43:I.715.D.

- "[a]ll waste disposal sites shall be marked and, to the maximum extent practicable, all components of waste shall be identified." LAC 43:I.715.F.

- "[w]aste facilities in wetlands with identifiable pollution problems that are not feasible and practical to correct shall be closed and either removed or sealed, and shall be properly revegetated using the best practical techniques." LAC 43:I.715.G.

- "[w]aste shall be disposed of only at approved disposal sites." LAC 43:I.715.H.

- "[r]adioactive wastes shall not be temporarily or permanently disposed of in the coastal zone." LAC 43:I.715.I.

As alleged below, the operations and activities of Defendants within the Operational Area have resulted in the release of contaminants, pollutants, waste, leachate, and toxic substances into the environment and away from the operated facilities, all in violation of LAC 43:I.715.A through I and LAC 43:I.719.F. Furthermore, the drilling and production sites and waste facilities of Defendants within the Operational Area were not built to withstand all expectable adverse conditions without releasing pollutants, were not prepared using best practical techniques to prevent the release of pollutants or toxic substances, and were not designed and constructed to prevent leaching, control leachate production, or prevent the movement of leachate away from the facility. Defendants are liable for all damages resulting from their violation of the CZM Laws.

**18.**

Finally, the state coastal zone regulations prohibit the temporary or permanent disposal of radioactive wastes in the coastal zone. LAC 43:I.715.I. The operations and activities of Defendants in the Operational Area have resulted in the disposal of radioactive materials, including radium 226, radium 228, and naturally occurring radioactive materials (NORM), for which Defendants are liable.

## FACTUAL ALLEGATIONS

### 19.

Defendants drilled and/or operated numerous oil and gas wells within the Operational Area. A map showing the oil and gas wells within the Operational Area is attached hereto as Exhibit E. A list of the oil and gas wells drilled and/or operated by each Defendant is attached hereto as Exhibit F. The operations and activities of Defendants alleged in this petition to be in violation of the CZM Laws were conducted (or are being conducted) to enable or support the drilling and operation of the oil and gas wells listed on Exhibit F.

### 20.

The oil and gas operations and activities of Defendants in the Operational Area included the construction and use of unlined earthen waste pits, which are simply holes, ponds, or excavations dug into the ground or marsh. Many of these waste pits have never been closed or have not been closed in conformance with the state and local CZM Laws and other applicable state environmental laws and regulations, including Statewide Order 29-B and the Louisiana Risk Evaluation/Corrective Action Program (RECAP). Current and historical aerial photographs showing open and/or improperly closed waste pits known to exist within the Operational Area are attached hereto as Exhibit G.

### 21.

The use of waste pits in the Operational Area has a direct and significant impact on state coastal waters located within Plaquemines Parish, and thus each such pit required a coastal use permit after the enactment of the CZM Act of 1978. To the extent that, contrary to Plaintiffs' allegations, the use of any such waste pit was legally commenced prior to the enactment of the CZM Act of 1978, the continued existence of such waste pit following cessation of the operations supported by it constituted a new use for which a coastal use permit was required. In addition, the closure of any individual waste pits in the Operational Area would have involved substantial movement of materials and substantial alteration of the native terrain, and likewise required a state and/or local coastal use permit. On information and belief, Defendants never

Petition for Damages - Bayou Gentilly.docx

obtained the required state and/or local coastal use permits for the closure and/or post-CZM operations of their waste pits in the Operational Area. Additionally, these waste pits and areas adjacent thereto have never been cleared, revegetated, detoxified, and/or otherwise restored to their original condition as required by LAC 43:I.719.M. Furthermore, Defendants have failed to design and construct their waste pits located in the Operational Area using best practical techniques to prevent leaching and to prevent the movement of leachate away from their waste facilities, as required by LAC 43:I.715.D.

## 22.

The Defendants use of waste pits in the Operational Area, and their failures to properly close those waste pits, to clear, revegetate, detoxify, and return the property affected thereby to its original condition, and to properly design those waste pits have caused ever increasing damage to the Plaquemines Parish Coastal Zone, for which Defendants are liable under the CZM Laws.

## 23.

Defendants have also discharged or disposed of oil field wastes from their waste pits and/or from their other oil and gas operations directly into the Operational Area. Each incident involving the discharge of oil field waste, including, without limitation, oil field brines, has a direct and significant impact on state coastal waters located in Plaquemines Parish and constitutes a use for which a state and/or local coastal use permit was required after the enactment of CZM Act of 1978 (Acts 1978, No. 361). On information and belief, Defendants never obtained the required state and/or coastal use permits for the discharge of oil field wastes into the Operational Area. Additionally, the areas of the Plaquemines Parish Coastal Zone that have received such discharges have never been cleared, revegetated, detoxified, and otherwise restored to their original condition as required by LAC 43:I.719.M. Furthermore, Defendants failed to prevent the release of pollutants or toxic substances into the environment in accordance with LAC 43:I.719.F, and failed to design and construct their waste pits in a manner to prevent leaching and the resulting discharge wastes, as required by LAC 43:I.715.D. Finally, Defendants knew or should have known that their oilfield wastes contain unacceptable and inherently

dangerous levels of radioactive materials, including Radium 226 and 228, and thus the discharge of such materials into the Operational Area after 1978 was a flagrant violation of the CZM Laws, particularly LAC 43:I.715.I.  As a result of these failures, Defendants are liable under the CZM Laws for damages and the other relief sought herein.

**24.**

In addition to the use of unpermitted waste pits, the failure to close waste pits properly, and the unpermitted discharge of oil field waste, including, without limitation, oilfield brines, in the Operational Area, Defendants' oil and gas activities have caused the Plaquemines Parish Coastal Zone, and in particular the canals, bayous, sediments, marshes, soils, and groundwaters in the Operational Area, to become contaminated or polluted in excess of applicable state standards, which has a direct and significant impact on state coastal waters.  Each of these uses constitutes a use for which a coastal use permit was required beginning with the enactment of the CZM Act of 1978.   The state coastal zone regulations, at LAC 43:I.700, *et seq.*, define "contaminant" as "an element causing pollution of the environment that would have detrimental effects on air or water quality or on native floral or faunal species."  The contamination deposited in the Operational Area as a result of Defendants' activities has had a detrimental effect on the quality of the receiving state waters, on plant and animal life, and on humans who are exposed to such contamination.  In addition, Defendants have utilized the Operational Area for the storage of their pollution or contamination, which likewise is a use for which a state and/or local coastal use permit has been required since 1978.   On information and belief, Defendants never obtained the required state and/or local coastal use permits for the deposition or storage of contamination or pollution in the Operational Area.  The areas of the Plaquemines Parish Coastal Zone that have been affected by such pollution or contamination have never been cleared, revegetated, detoxified, and otherwise restored to their original condition as required by LAC 43:I.719.M.  Furthermore, Defendants have failed to prevent the release of pollutants or toxic substances into the environment in accordance with LAC 43:I.719.F.  Defendants have also allowed the accumulation of radioactive materials in the soils and groundwaters of the

Operational Area, in violation of LAC 43:I.715.I. Defendants are thus liable for their acts of contamination in violation of the CZM Laws, including La. R.S. 49:214.36.

**25.**

Since 1978 and before, Defendants' oil and gas activities have resulted in the dredging of numerous canals in, through, and across the Operational Area. The dredging of canals in the Operational Area has a direct and significant impact on the state coastal waters within Plaquemines Parish. On information and belief, Defendants in some instances exceeded the limits of the coastal use permits issued in connection with the dredging of such canals, and in other instances failed to obtain the coastal use permits required for the dredging of such canals. Furthermore, Defendants failed to design, construct and maintain said canals using the best practical techniques to prevent bank slumping, erosion and saltwater intrusion and to minimize the potential for inland movement of storm-generated surges in accordance with LAC 43:I.705.J. As a consequence thereof, Defendants' dredging activities have resulted in the degradation of the Operational Area, including the erosion of marshes and the degradation of terrestrial and aquatic life therein. Additionally, the destruction of the Plaquemines Parish Coastal Zone has increased the risk of damage from storm-generated surges and other flooding damage, and has enabled and/or accelerated saltwater intrusion. Furthermore, Defendants failed to revegetate, refill, clean, detoxify, and otherwise restore these canals to their original condition as required by LAC 43:I.705.N, 711.F and 719.M.

**26.**

The above activities of Defendants lie in stark contrast to, and in violation of, the policies enumerated at LAC 43:I.701(G), which states as follows:

> "It is the policy of the coastal resources program to avoid the following adverse impacts . . . :

> (4)   alterations in the natural concentration of oxygen in coastal waters;

> (5)   destruction or adverse alterations of streams, wetland, tidal passes, inshore waters and waterbottoms, beaches, dunes, barrier islands, and other natural biologically valuable areas or protective coastal features;

Page 12 of 22

* * *

(8)     detrimental changes in existing salinity regimes;

(9)     detrimental changes in littoral and sediment transport processes;

* * *

(13)    discharges of pathogens or toxic substances into coastal waters;

* * *

(16)    adverse alteration or destruction of unique or valuable habitats, critical habitat for endangered species, important wildlife or fishery breeding or nursery areas, designated wildlife management or sanctuary areas, or forestlands;

* * *

(18)    adverse disruptions of coastal wildlife and fishery migratory patterns;

(19)    land loss, erosion, and subsidence;

(20)    increases in the potential for flood, hurricane and other storm damage, or increase in the likelihood that damage will occur from such hazards;

(21)    reduction in the long term biological productivity of the coastal ecosystem.

## 27.

On information and belief, at least some of the activities of Defendants described above may have been permitted and/or authorized by the Louisiana Department of Natural Resources, Office of Conservation (hereinafter, the "**LDNR-OC**"). Paragraph B of La. R.S. 49:214.31 states that "[p]ermits issued pursuant to existing statutory authority of the office of conservation in the Department of Natural Resources for the location, drilling, exploration and production of oil, gas, sulfur or other minerals shall be issued in lieu of coastal use permits, provided that the office of conservation shall coordinate such permitting actions pursuant to R.S. 49:214.31(B) and (D) and **shall ensure that all activities so permitted are consistent with the guidelines, the state program and any affected local program**." (Emphasis added). The *Memorandum of Understanding Between the Coastal Management Section of the Department of Natural Resources and the Office of Conservation of the Department of Natural Resources*, dated July 8, 1980, reinforces section La. R.S. 49:214.31, wherein it states that the LDNR-OC "will issue in-

lieu permits only if the proposed activity is consistent with the Coastal Use Guidelines, the Louisiana Coastal Resources Program and affected approved local programs."

**28.**

To the extent that Defendants operated or conducted activities in the Operational Area under "in lieu" permits authorized or granted by the LDNR-OC or another state agency, Defendants were obligated to comply fully with the CZM Laws in the conduct of such operations or activities.

**29.**

Furthermore, Plaintiffs allege that most, if not all, of Defendants' operations or activities complained of herein were not "lawfully commenced or established" prior to the implementation of the coastal zone management program. *See* LAC 43:723(B)(8). The complained-of operations and activities were prohibited prior to 1978 by various provisions of Louisiana Statewide Orders 29, 29-A, and 29-B, various field wide orders, as well as various orders of the Louisiana Stream Control Commission.

**30.**

Defendants are required to comply not only with all applicable state environmental laws and state regulations, but also with any additional requirements imposed by the State of Louisiana or Plaquemines Parish through the coastal zone management program. Defendants have failed to comply with numerous provisions of the state coastal zone management program, as previously alleged, and thus they are liable under the CZM Laws for any damages resulting from these violations.

**31.**

The Defendants are liable for the foregoing violations of the state and local CZM Laws, including without limitation, the failure to clear, revegetate, detoxify, and restore to their original condition those portions of the Plaquemines Parish Coastal Zone affected by Defendants' activities within the Operational Area.

Petition for Damages - Bayou Gentilly.docx

**32.**

The damages, costs, and attorney fees provided by La. R.S. 49:214.36 are in addition to any fine, forfeiture, other penalty, or costs imposed under any other provision of law.

**33.**

Notwithstanding any allegations or language to the contrary contained elsewhere in this petition, Plaintiffs expressly limit the scope of the claims and allegations of this petition as follows:

(a)    Plaintiffs allege only those state law causes of action that they have a right to pursue under La. R.S. 49:214.21, *et seq.*, as amended, and the state and local regulations, guidelines, ordinances and orders promulgated pursuant thereto and consistent therewith;

(b)    Plaintiffs have not pled, and will never at any time in the future plead, any claim or cause of action arising under federal law or federal regulations, and assert no such claims herein; Plaintiffs allege no claims subject to federal question jurisdiction;  Plaintiffs do not pursue or allege any claims or causes of action arising under federal common law;

(c)    To the extent any state law claims alleged in this petition are preempted by federal law (either expressly or impliedly), such claims are not alleged herein;

(d)    Plaintiffs do not pursue or allege any claims that have been discharged in bankruptcy;

(e)    Plaintiffs do not pursue or allege any general maritime claims, or any claims subject to maritime or admiralty jurisdiction (28 U.S.C.A. §1333);

(f)    Plaintiffs do not pursue or allege any claims "arising under the Constitution, laws, or treaties of the United States";

(g)    Plaintiffs do not allege or pursue any claims wherein their right to relief under any cause of action necessarily depends on a resolution of a substantial,  disputed question of federal law;

(h)     Plaintiffs do not allege or pursue any claims arising under the Rivers and Harbors Act of 1899, as amended, or any regulations issued pursuant thereto (hereinafter, collectively, the "**RHA**"), and do not pursue or allege any claims arising under any U.S. Army Corps of Engineers regulations or permits;

(i)     Plaintiffs do not pursue or allege any claims arising under the Clean Water Act of 1972, as amended, or any regulations issued pursuant thereto (hereinafter, collectively, the "**CWA**");

(j)     Plaintiffs do not  pursue or allege any claims arising under any federal regulations of any kind or character whatsoever;

(k)     Plaintiffs do not allege or pursue any claim that any Defendant violated a federal permit or failed to obtain a federal permit;

(l)     Plaintiffs do not allege that they are third party beneficiaries of any obligation between Defendants and any governmental body, or that they are third party beneficiaries of any permitting scheme;

(m)     Plaintiffs do not allege that they are third party beneficiaries of any permit, contract, or right of way agreement, or other conventional servitude or servitude imposed by law;

(n)     Plaintiffs do not allege that they have the right to enforce a federal permit as a third party beneficiary;

(o)     Plaintiffs do not allege that they represent any class; further, Plaintiffs do not pursue or allege any claim over which there is CAFA jurisdiction of this case; Plaintiffs bring this action only on their own behalf and not on behalf of any class or group of individuals or legal entities.

(p)     Plaintiffs do not allege that any acts, omissions, operations or activities occurring on the Outer Continental Shelf violated the CZM Laws.  None of the acts, omissions, operations or activities that form the basis of the Plaintiffs' claims in this petition involve operations or activities on the Outer Continental Shelf.  Plaintiffs do not pursue or allege any claim arising

Petition for Damages - Bayou Gentilly.docx

under the Outer Continental Shelf Lands Act (the "**OCSLA**")(43 U.S.C. § 1331 *et seq.*); Plaintiffs do not pursue or allege any claim subject to the jurisdiction of the OCSLA; further, Plaintiffs do no pursue or allege any claim within the jurisdiction established by 43 U.S.C. § 1349;

(q)     Plaintiffs do not pursue or allege any claim involving federal lands, do not pursue or allege any claims covered by federal enclave jurisdiction, and do not pursue or allege any claims regarding any land held in trust by the federal government, its officers, agencies, or agents; Plaintiffs do not pursue or allege any claims over which the federal government contests title. Plaintiffs do not pursue or allege any claims for damages to any federal floodwalls, federal levees, or any other federal installations or properties. Plaintiffs do not allege that any event, activity, or claim pursued in this petition occurred on a federal enclave. Plaintiffs do not allege or pursue any claim for an alleged injury in circumstances where the alleged injury arose on a federal enclave and the injury is indivisible from an injury that did not occur on a federal enclave.

(r)     Plaintiffs do not allege that any Defendant or Defendants committed a maritime tort or violated a federal maritime law or regulation;

(s)     Plaintiffs make no claims sounding in general maritime law or admiralty law; further, Plaintiffs do not seek remediation or other remedies to the extent such remedies  will have a potentially disruptive impact on maritime commerce or activity; Plaintiffs make no claim herein for the enforcement of any statute or regulation that conflicts with, or is preempted by, federal maritime law or federal maritime regulations;

(t)      Plaintiffs make no claims under Louisiana tort law, contract law, mineral law,  or property law;

(u)     Plaintiffs do not allege or pursue any claims that are: (1) covered by or subject to the jurisdiction of the All Writs Act, 28 U.S.C. §1651, et seq., as amended; or, (2) covered by or subject to the jurisdiction of the Convention on the Recognition of Foreign Arbitral Awards,

Petition for Damages - Bayou Gentilly.docx

9 U.S.C. §201, et seq., as amended. Plaintiffs do not allege or pursue any claims under the federal Oil Pollution Act of 1990, as amended;

(v)     In summary, Plaintiffs limit the claims asserted in this petition to state law claims arising under the CZM Laws. The attachment of the map of the entire Louisiana Coastal Zone (See Exhibit A) or the attachment of any other exhibits to this petition shall in no way be interpreted as an expansion of the scope of the specific state law claims alleged in this petition. With regard to any permit alleged in this petition to have been violated, the inclusion of language in such permit referring to federal laws or federal regulations shall in no way be interpreted as an expansion of the scope of the specific state law claims alleged in this petition. Any allegation in this petition that any defendant has violated a coastal use permit shall not be construed as an allegation that any such defendant has violated any federal law or regulation generally or specifically referenced in the permit or any application therefor.  Further, to the extent the CZM Laws contain any citation of or reference to any federal laws, statutes or regulations, no claims or causes of action are alleged under those federal laws, statutes or regulations. Any allegation in this petition that any defendant has violated the CZM Laws shall not be construed as an allegation that any such defendant has violated any federal laws, statutes or regulations referenced in the CZM Laws. The quotation or reference in this petition to provisions of certain CZM Laws concerning "uses" of national or regional concern shall not be construed as an allegation that Plaintiffs are making claims arising under the Constitution, laws, or treaties of the United States.  The use of the term "navigation" or such similar terms in the CZM Laws shall not be construed to imply that Plaintiffs are asserting maritime or admiralty claims.

(w)     Plaintiffs do not plead any claim or cause of action pertaining to private property located within the Plaquemines Parish Coastal Zone: (1) that is the subject of any present or future demand for environmental restoration or remediation, regardless of whether the relief demanded is specific performance, damages or a mandatory or prohibitive injunction; or, (2) that is the subject of any pending or future litigation under Act 312 of 2006 (La. R.S. 30:29, et seq., as amended). Plaintiffs do not seek injunctive relief.  Further, Plaintiffs do not plead any claims related to any pending environmental statutory or regulatory claims or actions filed or taken by

any federal agency, including, but not limited to, the Environmental Protection Agency and the U.S. Army Corps of Engineers.

**34.**

Subject to all of the limitations set forth in this petition, including, but not limited to, paragraph 33, Plaintiffs Parish of Plaquemines and State of Louisiana claim all damages and remedies appropriate under the CZM Laws, including, but not limited to, restoration and remediation costs; actual restoration of disturbed areas to their original condition; costs necessary to clear, revegetate, detoxify and otherwise restore the affected portions of the Plaquemines Parish Coastal Zone as near as practicable to its original condition pursuant to LAC 43:I.705.N, 711.F and 719.M; declaratory relief in circumstances where such relief is required, in addition to money damages, to accomplish the purposes of La. R.S. 49:214.21 *et seq.*; costs and expenses of litigation, including costs of environmental assessments and expert costs, and reasonable attorney's fees; and all other damages or remedies provided for in La. R.S. 49:214.21, *et seq.*

**35.**

Plaintiffs demand trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand judgment against Defendants (subject to the limitations set forth in this petition), as follows:

(a)    Awarding damages and other appropriate relief specifically provided in the CZM Laws for violations of all applicable state coastal zone management program statutes and regulations within the Plaquemines Parish Coastal Zone;

(b)    Ordering the payment of costs necessary to clear, revegetate, detoxify and otherwise restore the Plaquemines Parish Coastal Zone as near as practicable to its original condition pursuant to LAC 43:I.705.N, 711.F and 719.M.

Page 19 of 22

(c)     Requiring actual restoration of the Plaquemines Parish Coastal Zone to its original condition.

(d)     Awarding reasonable costs and attorney fees.

(e)     Awarding pre-judgment and post-judgment interest at the maximum rate allowable by law;

(f)     Such other and further relief available in the premises, subject to the limitations set forth in the petition.

(g)     Plaintiffs request trial by jury.

Respectfully submitted,

**TALBOT, CARMOUCHE & MARCELLO**
17405 Perkins Road
Baton Rouge, LA  70810
Telephone:  (225) 400-9991
Fax:  (225) 448-2568

DONALD T. CARMOUCHE, ESQ. (2226)
VICTOR L. MARCELLO, ESQ. (9252)
JOHN H. CARMOUCHE, ESQ. (22294)
WILLIAM R. COENEN, III, ESQ. (27410)
BRIAN T. CARMOUCHE, ESQ. (30430)
TODD J. WIMBERLEY, ESQ. (34862)
ROSS J. DONNES, ESQ. (33098)
D. ADELE OWEN, ESQ. (21001)
LEAH G. COTTON, ESQ. (35092)

PHILIP F. COSSICH, JR., ESQ. (1788)
DARREN SUMICH, ESQ. (23321)
DAVID A. PARSIOLA, ESQ. (21005)
BRANDON J. TAYLOR, ESQ. (27662)
**COSSICH, SUMICH,**
**PARISOLA & TAYLOR, L.L.C.**
8397 Highway 23, Suite 100
Belle Chasse, LA  70037-2648
Telephone:  (504) 394-9000
Fax:  (504) 394-9110

W. PETER CONNICK, ESQ. (14158)
**CONNICK AND CONNICK**
2551 Metairie Road
Metairie, LA 70001
Telephone: (504) 8383-8777
Fax: (504) 838-9903

Petition for Damages - Bayou Gentilly.docx

BRUCE D. BURGLASS, JR., ESQ. (14112)
ANDRÉ C. GAUDIN, ESQ.  (20191)
SCOTT O. GASPARD, ESQ. (23747)
**BURGLASS & TANKERSLEY, LLC**
5213 Airline Drive
Metairie, LA 70001-5602
Telephone: (504) 836-0407
Fax: (504) 287-0447

**PLEASE SERVE THE PETITION FOR DAMAGES**:

**ROZEL OPERATING COMPANY**
Through its registered agent for service of process:
Raymond A. Beyt
700 East University Ave.
Lafayette, LA 70503

**CONOCOPHILLIPS COMPANY**
Through its registered agent for service of process:
United States Corporation Company
320 Somerulos St.
Baton Rouge, LA 70802

**THE LOUISIANA LAND AND EXPLORATION COMPANY LLC**
Through its registered agent for service of process:
Corporation Service Company
320 Somerulos St.
Baton Rouge, LA 70802

**CHEVRON U.S.A. INC.**
Through its registered agent for service of process:
The Prentice-Hall Corporation System, Inc.
320 Somerulos St.
Baton Rouge, LA 70802

**THE TEXAS COMPANY**
Through its registered agent for service of process:
The Prentice-Hall Corporation System, Inc.
320 Somerulos St.
Baton Rouge, LA 70802

**ATLANTIC RICHFIELD COMPANY**
Through its registered agent for service of process:
C T Corporation System
5615 Corporate Blvd., Ste. 400B
Baton Rouge, LA  70808

**LLOG EXPLORATION & PRODUCTION COMPANY, L.L.C.**
Through its registered agent for service of process:
Kemberlia K. Ducote
1001 Ochsner Blvd., Suite 200
Covington, LA 70433

Petition for Damages - Bayou Gentilly.docx

**<u>PLEASE SERVE THE PETITION FOR DAMAGES</u>**
**<u>THROUGH THE LOUISIANA LONG ARM STATUTE:</u>**

**CHEVRON U.S.A. HOLDINGS INC.**
Through its registered agent for service of process:
Angie Wang c/o ChevronTexaco
P. O. Box 6028
San Ramon, CA 94583

**APACHE OIL CORPORATION**
Through its registered agent for service of process:
C T Corporation System
350 N. St. Paul St., Ste. 2900
Dallas, TX 75201

Petition for Damages - Bayou Gentilly.docx

## EXHIBIT A

### Louisiana Coastal Zone Boundary



A-1

*Bayou Gentilly*

**<u>EXHIBIT B</u>**

**<u>Map of the Operational Area</u>**

(Overview)



*Bayou Gentilly*

**EXHIBIT B**

**Map of the Operational Area**

(Detail View)

## 2013 Aerial



*Bayou Gentilly*

<u>**EXHIBIT C**</u>

<u>**Map of Coastal Use Permits within the Operational Area**</u>

Yellow and orange shapes represent work locations described in Coastal Use Permits.
*Source: LDNR*

# 2013 Aerial



Bayou Gentilly

# EXHIBIT D

## Coastal Use Permits for Work in the Operational Area

| CUP No. | Description |
|---------|-------------|
| P19800143 | DREDGING OF CANAL FOR OIL AND GAS EXPLORATION |
| P19800210 | GAS // 2.875" GAS FLOWLINE // LAID ON MARSH & BURIED 3 FT BELOW WATER // // ORIGIN: TANK BATTERY NO 1 // ENDPOINT: VUA SL 335 DEU WELL NO 58 |
|  | VUA; SL 335 DEU WELL NO 58 |
| P19810618 | DREDGE CANAL AND SLIP EXISTING CANAL FOR OIL AND GAS EXPLORATION |
| P19810890 | INSTALL AND MAINTAIN A DRILLING BARGE, PLATFORM, APPURTENANT STRUCTURES |
| P19811217 | DREDGE CANAL AND SLIP FOR OIL AND GAS EXPLORATION |
| P19811725 | // 4" GAS FLOWLINE // // // ORIGIN: // ENDPOINT: |
|  | // 6" GAS FLOWLINE // // // ORIGIN: // ENDPOINT: |
|  | GAS // 6" GAS FLOWLINE // // // ORIGIN: // ENDPOINT: |
| P19811758 | GAS // 4" S/40 GAS SALES LINE // BURIED 5 FT BELOW MUD LINE // // ORIGIN: // ENDPOINT: |
| P19821161 | DREDGING , CLEANING, AND RECONSTRUCTION OF BOAT SLIPS |
| P19821453 | NATURAL GAS // 2" GAS FLOWLINE // BURIED 3 FT // REESE OIL & GAS CO. LINE // ORIGIN: // ENDPOINT: |
| P19821500 | FLOWLINE // 4" FLOWLINE // // // ORIGIN: // ENDPOINT: |
| P19831517 | FLOWLINE // 4" FLOWLINE // // // ORIGIN: // ENDPOINT: |
|  | INSTALL AND MAINTAIN BULKHEAD, PIER AND FILL FOR PRIVATE USE |
| P19840451 | NOT FOUND |
| P19841428 | PROPOSED WELL SITE |
| P19850456 | DRIVE PILINGS, CONSTRUCT WALKWAY |
| P19860196 | PROPOSED PRODUCTION PLATFORM TO SERVE TANK BATTERY NO. 1 |
| P19860331 | PROPOSED FLOWLINE TO SERVE WELL NO. 50 |
| P19860381 | FLOWLINE TO SERVE WELL NO. 4 |
| P19860713 | GAS // 4.5" GAS // 3' MIN COVER, 5' MIN COVER @ XING // F.CHAPLAIN WELL#1 TO UNITED GAS TIE-IN, TEJAS POWER // ORIGIN: // ENDPOINT: |
| P19860726 | PROPOSED PIPELINE JUNCTION PLATFORM TO SERVE DELACROIX FIELD |
| P19860747 | EXCAVATION, BACKFILL |
| P19860767 | FLOWLINE, EXCAVATE AND BACKFILL, PLATFORM |
|  | GAS // 4.5" GAS // 3' MIN COVER // METERING PLATFORM TO RISER PLATFORM, TEJAS POWER CORP. // ORIGIN: // ENDPOINT: |
| P19870225 | MAINTENANCE DREDGING OF CANALS AND CHANNELS |
| P19870836 | PLUG AND ABANDON DELACROIX 1-D WELL |
| P19880698 | GAS // 2.875" GAS LIFT LINE // LAID ON MARSH AND 3' BLW WATERBOTTOMS // DELECROIX FIELD WELL#47 TO WELL#42, TEXACO INC // ORIGIN: // ENDPOINT: |
| P19880700 | PROPOSED PIPELINES TO SERVE SL 1246 UNIT 9 WELL NO. 13 |
| P19890271 | DRILLING OPERATIONS AND INSTALLATION OF WELL PROTECTION STRUCTURE SL 335 WELL NO. 60 |
| P19890948 | DREDGING AND DRILLING STRUCTURES TO SERVE PROPOSED WELLS 59, 60, 61, 62 AND 63, |

Bayou Gentilly

# EXHIBIT D

## Coastal Use Permits for Work in the Operational Area

| CUP No. | Description |
|---|---|
| P19890949 | GAS LIFT LINE // 3" GAS LIFT LINE // SURFACE OF MARSH, 3' MIN BLW MUDLINE // 2OF2: S/L 335 WELL#60 TO GAS LIFT TIE-IN, TEXACO // ORIGIN:  // ENDPOINT: |
|  | OIL // 2.875" OIL // SURFACE OF MARSH, 3' MIN BLW MUDLINE // 1OF2: S/L 335 WELL#60 TO TANK BATTERY, TEXACO // ORIGIN:  // ENDPOINT: |
| P19890963 | GAS // 3" GAS // BURIED BY BACKFILL, MARSH SURFACE // S/L 335 WELL#59 TO TANK BATTERY, TEXACO // ORIGIN:  // ENDPOINT: |
| P19890964 | LOCATE A DRILLING BARGE ON A DRILL SITE |
| P19890965 | GAS // 3" GAS // 3' MIN BLW MUDLINE // S/L 335 WELL#61 TO TANK BATTERY, TEXACO // ORIGIN:  // ENDPOINT: |
| P19890999 | LOCATE DRILLING BARGE IN EXISTING OIL FIELD CANAL/SLIP TO DRILL OIL/GAS WELL |
| P19891000 | GAS // 3" GAS // SURFACE OF MARSH, 3' BLW MUDLINE @ XING // S/L335 WELL#62 TO HEATER PLTFRM, TEXACO // ORIGIN:  // ENDPOINT: |
| P19900580 | PROPOSED PLATFORMS, BOAT DOCK, TO SERVE TANK BATTERY NO. 1 |
| P19900949 | GAS // 3" GAS LIFT LINE // LAID ON MARSH AND BURIED 3 FT BELOW BOTTOM // TEXACO LINE FROM SL 335 WELL 59 TO GAS TIE-IN // ORIGIN:  // ENDPOINT: |
| P19901118 | PROPOSED BOAT SLIP TO SERVE TANK BATTERY NO. 1 |
| P19901170 | GAS // 2.875" // 3' MIN BLW ML // TEXACO WITHDRAWS PERMIT // ORIGIN: SL 335 WELL #18 // ENDPOINT: SL 335 WELL #24 |
| P19901220 | REMOVE ABANDONED RISERS AND PLATFORMS |
| P19901276 | CONSTRUCT A HEATER PLATFORM AND A WALKWAY TO PRODUCE SL 335 NO. 42 WELL |
| P19910371 | CLEANOUT EXISTING CANAL TO ACCESS A WELL SITE TO DRILL |
| P19910620 | GAS LIFT LINE // 3" GAS LIFT LINE // MARSH SURFACE, 3' MIN BLW MUDLINE @ X-INGS // TEXACO, INC. // ORIGIN: S.L. 335 WELL #63 // ENDPOINT: EXISTING TANK BATTERY #1 |
|  | OIL FLOWLINE // 2.875" OIL FLOWLINE // MARSH SURFACE, 3' MIN BLW MUDLINE @ X-INGS // TEXACO, INC. // ORIGIN: S.L. 335 WELL #63 // ENDPOINT: EXISTING TANK BATTERY #1 |
| P19910621 | GAS FLOWLINE // 3" GAS FLOWLINE_NATURAL GAS // MARSH SURFACE, 3' MIN BLW MUDLINE @ X-INGS // TEXACO, INC. // ORIGIN: S.L. 335 WELL # 64 // ENDPOINT: EXISTING TANK BATTERY # 2 |
|  | OIL FLOWLINE // 2.875" FLOWLINE_CRUDE OIL // MARSH SURFACE, 3' MIN BLW MUDLINE @ X-INGS // TEXACO, INC. // ORIGIN: S.L. 335 WELL # 64 // ENDPOINT: EXISTING TANK BATTERY # 2 |
| P19911245 | PROPOSED PILING CLUSTERS AND DOCK TO SERVE TANK BATTERY NO. 2 |
| P19920103 | PROPOSAL TO INSTALL CHANNEL MARKERS TO SERVE SL 335 WELLS 36, 4, 68, 27, 35, 37 |
| P19921005 | CRUDE OIL // 2 7/8" FLOWLINE // 3' MIN BLW ML // TEXACO INC // ORIGIN: WELL NO 64 // ENDPOINT: TANK BATTERY NO 1 |
|  | NATURAL GAS // 3" GAS LINE // 3' MIN BLW ML // TEXACO INC // ORIGIN: WELL NO 64 // ENDPOINT: TANK BATTERY NO 1 |

Bayou Gentilly

# EXHIBIT D

## Coastal Use Permits for Work in the Operational Area

| CUP No. | Description |
|---|---|
| P19940450 | GAS // 2.875" GAS LIFT LINE // ON GROUND; 3' MIN BLW ML & P/LS // TEXACO // ORIGIN: SL 335 DEU WELL # 65 // ENDPOINT: EXISTING GAS LINE |
| | OIL // 2.875" FLOWLINE // ON PIPEBENTS; ON GROUND; 3' MIN BLW ML &PLS // TEXACO // ORIGIN: SL 335 DEU WELL # 65 // ENDPOINT: TANK BATTERY # 1 |
| P19961414 | TIMBER BULKHEAD & EARTHEN PLUG REPAIRS |
| P19970407 | FLOWLINE // 2" // 4' MIN BLW ML // PROJECT CANCELLED - APACHE CORP // ORIGIN: SL 335 NO. 50 WELL // ENDPOINT: TANK BATTERY #1 |
| | GAS LIFT // 2" // 4' MIN BLW ML // PROJECT CANCELLED - APACHE CORP // ORIGIN: SL 335 WELL NO. 33 // ENDPOINT: SL 335 NO. 62 WELL |
| P19970436 | INSTALL 17 DRY FIRE HYDRANTS |
| P19970825 | CUT & CAP 6" RISER & 8" RISER |
| | EXISTING // 3" // GONE // PIPELINE RETIREMENT - SOUTHERN NATURAL GAS CO // ORIGIN: TIMBER PLATFORM TO REMOVE // ENDPOINT: TIMBER PIPE SUPPORT, RISER |
| | EXISTING // 8" // 3' BLW ML // CUT & CAP - SOUTHERN NATURAL GAS CO // ORIGIN: TIMBER PLATFORM TO REMOVE // ENDPOINT: TIMBER PLATFORM |
| | REMOVE 2-PIPE SUPPORTS & PLATFORM & DOCK |
| | REMOVE TIMBER PIPE SUPPORT |
| | REMOVE TIMBER PLATFORM ; CUT & CAP P/L |
| P19971028 | CHANNEL AND SPOIL PLACEMENT |
| P19971475 | FLOWLINE // 4" // LAID ON WALKWAY / 3' MIN BLW ML @ CANAL XING // // ORIGIN: WELL #1 // ENDPOINT: XISTING RISER |
| | FLOWLINE // 4" // LAID ON WALKWAY // // ORIGIN: WELL #1 // ENDPOINT: PROPOSED PRODUCTION BARGE |
| | PRODUCTION BARGE + BOAT DOCK |
| P19980338 | FLOWLINE // 3" // MARSH LEVEL, 4' MIN BLW MUDLINE // // ORIGIN: S/L 335 WELL#23 // ENDPOINT: TANK BATTERY#2 (SW OF ORIGINATION) |
| P19980403 | CLEANOUT ROADSIDE DITCHES & MAINTENANCE ON LA 300 |
| P19981615 | SL 335 WELL #12 SITE CLEARANCE |
| | SL 335 WELL #13 SITE CLEARANCE |
| | SL 335 WELL #15-15-D SITE CLEARANCE |
| | SL 335 WELL #2 SITE CLEARANCE |
| | SL 335 WELL #20 SITE CLEARANCE |
| | SL 335 WELL #21 SITE CLEARANCE |
| | SL 335 WELL #32 SITE CLEARANCE |
| | SL 335 WELL #4 SITE CLEARANCE |
| | SL 335 WELL #46-46-D SITE CLEARANCE |
| | SL 335 WELL #6 SITE CLEARANCE |
| P19981741 | FLOWLINE // 4" // 4' MIN BLW MUDLINE // // ORIGIN: S/L 335 #24 WELL // ENDPOINT: TANK BATTERY |
| P19990116 | EXISTING LINE // 8" REPLACEMENT LINE // 2' MIN BLW MUDLINE // REMOVE & REPLACE P/L // ORIGIN: EXISTING 16" P/L // ENDPOINT: |
| | PLATFORM (SUPPORT STR) 8' X 22' |
| | RESETTING PIPELINE BLOWDOWN APARATUS |

Bayou Gentilly

# EXHIBIT D

## Coastal Use Permits for Work in the Operational Area

| CUP No. | Description |
|---------|-------------|
| P19990274 | BULKHEAD |
| P19990756 | BOAT SLIP |
| P19991209 | BOATSLIPS, PILINGS |
| P19991491 | FIBER OPTIC CABLE // 3/8" CABLE // 3' BLW ML // CABLE THROUGH 4" EXISTING STR OVER CANAL // ORIGIN: EXISTING BELL SOUTH FACILITY // ENDPOINT: DELACROIX C. O. |
| P20000391 | BOAT SLIP |
| P20000864 | DRILL |
| P20001252 | BOAT SLIP |
| P20001851 | BARGE, SHELL PAD |
| P20001884 | PIPELINE // 6" PIPELINE // 3' MIN BLW ML //  // ORIGIN: PRODUCTION BARGE // ENDPOINT: EXISTING TAP |
|  | SALES LINE // 4.5" // 3' MIN BLW ML // TRANSFER FROM SOUTHEASTERN LA PIPELINE.LLC // ORIGIN: EXISTING PRODUCTION BARGE // ENDPOINT: EXISTING TAP |
| P20010473 | PROPWASHING |
| P20010488 | WELL SITE CLEARANCE |
| P20010940 | WELL |
| P20010941 | WELL |
| P20011154 | FLOWLINE // 3" // 4' MIN BLW ML //  // ORIGIN: WELL #2; W.G.SMITH // ENDPOINT: EXISTING PRODUCTION BARGE |
|  | FLOWLINE // 3" // 4' MIN BLW MUDLINE // 1OF2 // ORIGIN: WELL #2 // ENDPOINT: PRODUCTION BARGE |
|  | FLOWLINE // 3" // 4' MIN BLW MUDLINE // 2OF2 // ORIGIN: WELL #2 // ENDPOINT: PRODUCTION BARGE |
| P20011387 | FLOWLINE // 3" // 3' MIN BLW MUDLINE // 1OF2 // ORIGIN: WELL #1 // ENDPOINT: PRODUCTION BARGE |
|  | FLOWLINE // 3" // 3' MIN BLW MUDLINE // 2OF2 // ORIGIN: WELL #1 // ENDPOINT: PRODUCTION BARGE |
| P20011395 | PIPELINE // 6" // 3' - 6' MIN BLW MUDLINE // WITHDRAWN PERMIT // ORIGIN: PRODUCTION PLATFORM // ENDPOINT: EXISTING TAP |
| P20011837 | MARINA/RESIDENTIAL DEV. |
| P20011863 | FLOWLINE // 6" // 3' - 5' MIN BLW MUDLINE // 1OF2 WITHDRAWN PERMIT // ORIGIN: WELL #001 // ENDPOINT: EXISTING FACILITY |
|  | FLOWLINE // 6" // 3' - 5' MIN BLW MUDLINE // 2OF2 WITHDRAWN PERMIT // ORIGIN: WELL #001 // ENDPOINT: EXISTING FACILITY |
| P20020002 | BOAT SLIP |
| P20020740 | BOAT SHED |
| P20021016 | BOAT SHED, COVERED DECK |
| P20030823 | COVERED BOAT DOCK |
| P20030906 | SITE CLEARANCE APACHE WELL NO 010 |
|  | SITE CLEARANCE APACHE WELL NO 048 |
|  | SITE CLEARANCE APACHE WELL NO 048D |
|  | SITE CLEARANCE APACHE WELL NO 056 |
| P20031035 | PROPWASH + 3-PILE CLUSTERS |
|  | SHELL PAD, STRUCTURES DELACROIX CORP. NO 1 WELL |
| P20031127 | BARGE,PLATFORM,STRUCTURES LLOG LOC NO 1 |
|  | WHEELWASHING |
| P20040158 | CLEANOUT, SLIP, STRUCTURES GONZALES NO 1 WELL |

D-4

# EXHIBIT D

## Coastal Use Permits for Work in the Operational Area

| CUP No. | Description |
|---------|-------------|
| | PROPWASH |
| P20041402 | PROPWASH & 3-PILE CLUSTERS |
| | SHELL PAD, STRUCTURES DELACROIX CORP NO 2 WELL |
| P20050337 | CLEANOUT |
| | DRILL BARGE/STRUCT BAYOU GENTILLY PROSPECTS 1 & 2 |
| | SPOIL |
| P20050841 | FLOWLINE // 6" // 3' - 4' MIN BLW ML // 1 OF 1 // ORIGIN: BAYOU GENTILLY PROSPECTS 1 & 2 // ENDPOINT: EXISTING FACILITY |
| | PRODUCTION PLATFORM (20' X 40') |
| P20050982 | DRILL BARGE/STRUCTURES BAYOU GENTILLY #23 PROSPECT |
| | MAINTENANCE DREDGING |
| | SPOIL |
| P20050984 | BANK STABILIZATION |
| | FLOWLINE // 3" // 3' MIN BLW ML & LAID ON EXISTING MARSH // 1 OF 1 // ORIGIN: DELACROIX CORP. NO 1 WELL // ENDPOINT: EXISTING BRAUN FACILITY |
| | FLOWLINE // 3" // 3' MIN BLW ML & LAID ON EXISTING MARSH // 1 OF 1 // ORIGIN: OMEADOW ROBIN NO. 1 WELL // ENDPOINT: EXISTING BRAUN FACILITY |
| | HEATER PLATFORM: 15' X 15' |
| | HEATER PLATFORM: 15' X 15' @ P.I. |
| P20051003 | BANK STABILIZATION |
| | FLOWLINE // 4" // TOP OF MARSH & 3' MIN BLW ML // 1 OF 1 // ORIGIN: EXISTING BRAUN FACILITY // ENDPOINT: EXISTING PIPELINE RISER |
| P20051008 | PROPWASH |
| | SPOIL |
| | WELL LOCATION & STRS: DELACROIX CORP NO 2 WELL |
| P20051626 | DRILL BARGE/STRUCT BAYOU GENTILLY PROSPECTS 1 & 2 |
| P20060566 | MAINTENANCE DREDGING |
| | SPOIL |
| P20061026 | CLEANOUT/STRUCTURES DELACROIX CORP NO 1 WELL |
| | PROPWASH |
| P20061801 | SITE CLEARANCE APACHE WELL NO 001 |
| | SITE CLEARANCE APACHE WELL NO 005 |
| | SITE CLEARANCE APACHE WELL NO 024 |
| | SITE CLEARANCE APACHE WELL NO 041 |
| | SITE CLEARANCE APACHE WELL NO 042 |
| | SITE CLEARANCE APACHE WELL NO 043 |
| | SITE CLEARANCE APACHE WELL NO 047 |
| | SITE CLEARANCE APACHE WELL NO 057 |
| | SITE CLEARANCE APACHE WELL NO 060 |
| | SITE CLEARANCE APACHE WELL NO 062 |
| P20070196 | FLOWLINE REMOVAL // UNKNOWN // UNKNOWN // 1 OF 1 // ORIGIN: APACHE SWD WELL NO 001 // ENDPOINT: APACHE FACILITY |
| | FLOWLINE REMOVAL // UNKNOWN // UNKNOWN // 1 OF 1 // ORIGIN: APACHE WELL NO 060 // ENDPOINT: APACHE FACILITY |

# EXHIBIT D

## Coastal Use Permits for Work in the Operational Area

| CUP No. | Description |
| --- | --- |
| | FLOWLINE REMOVAL // UNKNOWN // UNKNOWN // 1 OF 1 // ORIGIN: APACHE WELL NO 062 // ENDPOINT: APACHE FACILITY |
| | SITE CLEARANCE SWD WELL NO 001 |
| | SITE CLEARANCE WELL NO 060 |
| | SITE CLEARANCE WELL NO 062 |
| P20071549 | BOAT SLIP REPAIR |
| P20071874 | SOV - SITE CLEARANCE @ TANK BATTERY |
| P20080196 | BOAT HOUSE AT 5725 DELACROIX |
| P20080283 | DOCK FACILITY RECONSTRUCTION |
| P20080443 | BENEFICIAL USE OF SPOIL |
| | CLEANOUT TO ACCESS LAC REAL ESTATE ET AL WELL #1 |
| | LAC REAL ESTATE ET AL WELL #1 |
| P20080726 | GATE 6 - TOCA 2ND LOOP LINE - EXISTING // 26" // LOWERED TO 3' MIN BLW ML // LOWER LINE SEGMENT // ORIGIN: LAT. 29-42-00.91 / LONG. 89-45-51.97 // ENDPOINT: LAT. 29-39-10.06 / LONG. 89-45-56.67 |
| | MAIN PASS-FRANKLINTON LINE - EXISTING // 20" // LOWERED TO 3' MIN BLW ML // LOWER LINE SEGMENT // ORIGIN: LAT. 29-42-11.28 / LONG. 89-45-56.69 // ENDPOINT: LAT. 29-41-56.62 / LONG. 89-45-48.99 |
| | PIPELINE - EXISTING // 20" // LOWERED TO 3' MIN BLW MUDLINE // 20" GATE 6 - TOCA LOOP LINE // ORIGIN: X = 2498253; Y = 378985 // ENDPOINT: X = 2497640; Y = 380256 |
| | PIPELINE - EXISTING // 20" // LOWERED TO 3' MIN BLW MUDLINE // 20" MAIN PASS-FRANKLINTON LINE // ORIGIN: X = 2498386; Y = 378758 // ENDPOINT: X = 2497681; Y = 380225 |
| | PIPELINE - EXISTING // 26" // LOWERED TO 3' MIN BLW MUDLINE // 26" GATE 6 - TOCA 2ND LOOP LINE // ORIGIN: X = 2498115; Y = 379196 // ENDPOINT: X = 2497686; Y = 380107 |
| P20081133 | BOAT DOCK WITH 8 SLIPS |
| P20081224 | BANK STABILIZATION |
| | HEATER PLATFORM & 100' WALKWAY |
| P20081563 | REBUILD SWEETWATER BOAT PIER |
| P20090005 | SERIGNE BOAT LAUNCH |
| P20090474 | BOAT SHED AT 6201 DELACROIX HWY |
| P20090849 | BOATHOUSE REPAIR AT 6428 DELECROIX HWY |
| P20091046 | BAIT SHOP AT 6204 DELACROIX HWY |
| P20100470 | BOAT SHED AT 6424 DELACROIX HWY |
| P20100705 | WELL LOCATION: DELECROIX CORP LOC NO 1 |
| | WHEELWASHING |
| P20101283 | SWEETWATER BAIT SHOP & RIP RAP |
| P20120577 | EXISTING PIPELINE // 3" // // 1 OF 2 HERE LINES TO REMOVE // ORIGIN: WINIFRED G SMITH NO 1/1D WELL // ENDPOINT: BARGE FACILITY |
| | EXISTING PIPELINE // 3" // // 2 OF 2 HERE LINES TO REMOVE // ORIGIN: WINIFRED G SMITH NO 1/1D WELL // ENDPOINT: BARGE FACILITY |
| | EXISTING PIPELINE // 4.5" // // LINE REMOVAL // ORIGIN: BARGE FACILITY // ENDPOINT: EXISTING TAP |
| | SWD FLOWLINE // 3" // // 1 OF 1 TO REMOVE // ORIGIN: WINIFRED G SMITH NO 2 SWD WELL // ENDPOINT: BARGE FACILITY |

Bayou Gentilly

# EXHIBIT D

## Coastal Use Permits for Work in the Operational Area

| CUP No. | Description |
|---------|-------------|
| | WELL PLATFORM REMOVAL: WINIFRED G SMITH NO 1/1D |
| | WELL PLATFORM REMOVAL: WINIFRED G SMITH NO 2 SWD |
| P20120665 | EXISTING PIPELINE // 4.5" // // SOV - LINE SEGMENT REMOVAL // ORIGIN: 29 42'26"N 89 41'12"W // ENDPOINT: 29 42'25"N 89 41'13"W |
| | SOV - SITE CLEARANCE @ SWD WELL #2 |
| | SOV - SITE CLEARANCE @ WELL NO 1/1D |
| P20130025 | DOCK EXTENSION |
| P20130261 | SOV - SITE CLEARANCE: DELACROIX WELL #1: SN 231343 |

D-7

*Bayou Gentilly*

## EXHIBIT E

### Map of Oil & Gas Wells within the Operational Area

Orange triangles indicate the surface locations of Oil & Gas Wells.  *Source: LDNR*

<span style="color:red">**2013 Aerial**</span>



Bayou Gentilly

# EXHIBIT F

## Oil & Gas Wells Operated by Defendants and their Predecessors within the Operational Area (by LDNR Well Serial No.)

### APACHE CORPORATION

| | | |
|---|---|---|
| 26018 | 56332 | 132392 |
| 28181 | 65862 | 133228 |
| 28656 | 69806 | 134146 |
| 29070 | 70438 | 134424 |
| 31357 | 76739 | 159022 |
| 32566 | 83253 | 161137 |
| 32996 | 112871 | 166337 |
| 33711 | 128313 | 211611 |
| 33848 | 129896 | 211612 |
| 39700 | 130441 | 211613 |
| 41103 | 131206 | 211744 |
| 41816 | 131207 | |
| 49161 | 132239 | |

### ARCO O & G CO-DIV ATL RICH CO

| | | |
|---|---|---|
| 115385 | 121138 | 123061 |
| 117676 | 122134 | |

### CONOCO INC.

| | | |
|---|---|---|
| 61259 | 63309 | 76595 |

### LA. LAND & EXPL. CO.

| |
|---|
| 221523 |

### LLOG EXPL. CO.

| | |
|---|---|
| 224688 | 225241 |

### ROZEL OPERATING COMPANY

| |
|---|
| 231343 |

### TEXACO E & P INC.

| | | |
|---|---|---|
| 26018 | 56332 | 132392 |
| 28181 | 65862 | 133228 |
| 28656 | 69806 | 134146 |
| 29070 | 70438 | 134424 |
| 31357 | 76739 | 159022 |
| 32566 | 83253 | 161137 |
| 32996 | 112871 | 166337 |
| 33711 | 128313 | 211611 |
| 33848 | 129896 | 211612 |
| 39700 | 130441 | 211613 |
| 41103 | 131206 | 211744 |
| 41816 | 131207 | |
| 49161 | 132239 | |

# EXHIBIT F

## Oil & Gas Wells Operated by Defendants and their Predecessors
## within the Operational Area (by LDNR Well Serial No.)

### TEXACO, INC.

| | | |
|---|---|---|
| 25284 | 42320 | 129896 |
| 26018 | 42423 | 130441 |
| 28160 | 42532 | 131206 |
| 28181 | 43755 | 131207 |
| 28656 | 43879 | 132239 |
| 28853 | 48879 | 132392 |
| 28969 | 49161 | 133228 |
| 29070 | 56332 | 133963 |
| 31357 | 65428 | 134146 |
| 32566 | 65802 | 134424 |
| 32996 | 65862 | 136611 |
| 33711 | 69806 | 138468 |
| 33848 | 70438 | 157165 |
| 34474 | 71755 | 159022 |
| 35249 | 73479 | 161137 |
| 36812 | 74442 | 166337 |
| 36943 | 76738 | 211611 |
| 37265 | 76739 | 211612 |
| 39700 | 77406 | 211613 |
| 41103 | 79142 | 211744 |
| 41508 | 83253 | 215633 |
| 41816 | 112871 | |
| 42059 | 128313 | |

### THE CALIFORNIA COMPANY

| | |
|---|---|
| 35993 | 109827 |

### THE TEXAS COMPANY

| | |
|---|---|
| 55945 | 57548 |

*Bayou Gentilly*

## EXHIBIT G

### Aerial Photographs of Pits within the Operational Area

(Pits Outlined in RED)

**1979 Aerial**        **T15S – R14E SEC. 34**
                       **T16S – R14E SEC. 3**

