**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **THE PARISH OF PLAQUEMINES,** **Plaintiff** | **CIVIL ACTION** |
| | **NO.  18-5189** |
| **VERSUS** | |
| | **SECTION: "E" (5)** |
| **ROZEL OPERATING COMPANY, ET AL.,** **Defendants** | |

## ORDER

Before the Court is a motion to stay pending appeal filed by Chevron U.S.A. Holdings, Inc., Chevron U.S.A. Inc., The Texas Company, Atlantic Richfield Company, ConocoPhillips Company, and The Louisiana Land and Exploration Company LLC (collectively "Defendants").[1] Plaintiff the Parish of Plaquemines, Plaintiff-Intervenor the State of Louisiana, through the Louisiana Department of Natural Resources, Office of Coastal Management, and its Secretary, Thomas F. Harris, and Plaintiff-Intervenor the State of Louisiana *ex rel.* Jeff Landry, Attorney General (collectively "Plaintiffs") filed an opposition.[2] For the reasons that follow, Defendants' motion to stay is **GRANTED**.

This Court granted Plaintiffs' motion to remand the action to state court on May 10, 2023.[3] Upon Defendants' request, the Court allowed Defendants five days to file a motion to stay the remand order pending appeal.[4] On May 15, 2023, Defendants timely filed the instant motion, asking the Court to stay its remand order pending the outcome of a decision from the United States Court of Appeals for the Fifth Circuit.[5]

---

[1] R. Doc. 84.
[2] R. Doc. 88.
[3] R. Doc. 83.
[4] *Id.*
[5] R. Doc. 84.

A district court has inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[6] It is undisputed that "this authority includes the district court's wide discretion to grant a stay in a pending matter."[7] However, [t]his discretionary power of a court . . . is not unlimited.'"[8] A proper use of the court's broad discretion "'calls for the exercise of judgment, which must weigh competing interests and maintain[] an even balance.'"[9]

The Court finds a stay of its May 10, 2023 Order and Reasons granting Plaintiffs' motion to remand is appropriate. Because a decision from the Fifth Circuit reversing the remand order would moot any state court proceedings, it is in the interest of judicial economy to stay the remand order. Likewise, two other sections of this Court have found the same.[10]

Accordingly;

**IT IS ORDERED** that Defendants' motion to stay[11] is **GRANTED.**

**New Orleans, Louisiana, this 5th day of June, 2023.**

                                          _____

                                            **SUSIE MORGAN**
                         **UNITED STATES DISTRICT JUDGE**

---

[6] *Builder's Iron, Inc. v. W. Sur. Co.*, No. 12-0823, 2012 WL 2406036, at *4 (E.D. La. June 25, 2012).

[7] *E. Cornell Malone Corp. v. Sisters of the Holy Family, St. Mary's Academy of the Holy Family*, 922 F. Supp. 2d 550, 563 (E.D. La. 2013).

[8] *Bar Group, LLC v. Bus. Intelligence Advisors, Inc.*, 215 F. Supp. 3d 524, 544-45 (S.D. Tex. 2017).

[9] *Id.* at 545 (quoting *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983)).

[10] *Plaquemines Parish v. Northcoast Oil Co., et al.*, No. 2:18-cv-05228-JCZ-DPC (E.D. La. May 30, 2023) (Zainey, J.); *Plaquemines Parish v. Exchange Oil & Gas Corp. et al.*, No. 2:18-cv-05215-EEF-JVM (E.D. La. May 4, 2023) (Fallon, J).

[11] R. Doc. 74.